UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SLS INTERNATIONAL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:06CV00811 RWS |
| ) | |
| ADONE MEDIA, INC., and ) | |
| JAMES NEUMANN, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before me on defendants Adone Media, Inc., and James Neumann's motion to dismiss [#22]. For the following reasons, I will deny Defendants' motion to dismiss.

**Background**

SLS International, Inc. is a Delaware corporation with its principal place of business located in Ozark, Missouri. AdOne is a Nevada corporation with its principal place of business located in Chesterfield, Missouri. James Neumann is a resident of Chesterfield, Missouri. Neumann is the President, Secretary, and Sole Director of AdOne.

On May 19, 2006, Plaintiff SLS international, Inc. filed a complaint against Defendants James Neumann and AdOne Media, Inc. alleging that Defendants violated the Racketeer Influenced and Corrupt Organizations Act ("RICO") 18 U.S.C. § 1962(c). Additionally, SLS alleges breach of contract, conversion, common law fraud, and unjust enrichment. SLS specifically alleges that SLS contracted with AdOne for AdOne to purchase outdoor advertising for SLS. According to SLS, Neumann either did not purchase the advertising or purchased less than the promised amount.

Jurisdiction for the two RICO counts is based upon 18 U.S.C. §§ 1964(c), 1965(a)-(b), and 28 U.S.C. § 1967. Jurisdiction for the remaining state law counts is based upon the principles of ancillary and pendent jurisdiction.

**Legal Standard**

A motion to dismiss will not be granted unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45 (1957). The factual allegations of a complaint must be viewed in the light most favorable to the plaintiff. Parnes v. Gateway 2000, Inc., 122 F.3d 539, 546 (8th Cir. 1997). For the purpose of deciding a motion to dismiss, the facts alleged in the complaint are assumed to be true. In re Navarre Corp. Sec. Litig., 299 F.3d 735, 738 (8th Cir. 2002). A cause of action should not be dismissed for failure to state a claim unless, from the face of the complaint, it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993).

**Discussion**

**(1) The Racketeer Influenced and Corrupt Organizations Act**

SLS's complaint alleges that Defendants violated the Racketeer Influenced and Corrupt Organizations Act. 18 U.S.C. § 1962(c). A plaintiff "in establishing a RICO case under section 1962(c) must demonstrate (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Atlas Pile Driving Co.v. DiCon Financial Co., 886 F.2d 986, 990 (8th Cir. 1989) (citing Sedima, S.PR.L. v. Imrex Co., 473 U.S. 479, 496 (1985)).

### Racketeering Activity

Defendants first argue that the actions alleged in the compliant do not arise to the level of

"racketeering activity" required for a RICO violation. "'Racketeering activity' includes acts indictable under specified federal statutes." Id. SLS has alleged mail and wire fraud as the underlying racketeering activity. Mail fraud and wire fraud are included in the predicate acts required for racketeering activity. Wisdom v. First Midwest Bank, of Poplar Bluff, 167 F.3d 402, 406 (8th Cir. 1999).

While Defendants argue that SLS's claims are merely breach of contract claims, they do not attack any specific element of the alleged predicate acts. Nor do Defendants give any legal authority for their belief that SLS's complaint does not state any allegations that fall under the activities prohibited by RICO. Additionally, the Eighth Circuit has rejected Defendants' argument. In United States v. West, the defendant argued that conviction for mail and wire fraud should be overturned, because his actions "at most . . . constituted a breach of contract which would possibly subject appellants to civil liability." 549 F.2d 545, 549 (8th Cir. 1977). This argument was rejected because there was sufficient evidence that all the elements of mail and wire fraud were satisfied, including an intent to defraud. Id. at 550.

The fact that this complaint arose from a contract is not enough to prevent the Defendants' alleged activities from being mail or wire fraud. In a motion to dismiss I am required to analyze the complaint in the light most favorable to the plaintiff. The plaintiff has alleged a set of facts that would support a claim of mail or wire fraud. Therefore, I will not dismiss Counts I and II.

**Count I Enterprise**

Defendants next argue that SLS's complaint fails to state a claim because of deficiencies in the "enterprise" element of a RICO claim. An enterprise requires "two separate entities, a 'person' and a distinct 'enterprise.'" Cedric Kushner Promotions, LTD. v. King, 53 U.S. 158,

3

160 (2001).

Defendants argue that for the purposes of § 1962(c) of RICO, AdOne, as the defendant in Count II, cannot also be the enterprise in Count I. In support of this argument Defendants cite several cases stating that a RICO defendant cannot also be the RICO enterprise. See e.g. Kehr Packages, Inc. V. Fidelcor, Inc., 926 F.2d 1406, 1411 (3rd Cir. 1991).

These cases are not a blanket prohibition on any corporation named as an enterprise from also being a defendant in a separate RICO violation with a distinct enterprise. It is merely restating the settled law that the defendant and enterprise must be distinct. A RICO violation "require[s] some distinctness between the RICO defendant and the RICO enterprise." King, 533 U.S. at 162. Therefore, the issue for Count I is whether Nuemann, the RICO defendant, and AdOne, the RICO enterprise, are distinct entities.

Following King, it is clear that the distinctness requirement is met. Neumann is the president and sole director of AdOne. "The corporate owner/employee, a natural person, is distinct from the corporation itself, a legally different entity with different rights and responsibilities due to its different legal status. And we can find nothing in the statue that requires more 'separateness' than that." Id. at 163.

Since the "enterprise" element of a RICO claim is properly pled in the complaint, I will not dismiss Count I.

**Count II Enterprise**

Defendants argue that there is not sufficient distinctness between the defendant, AdOne, and the alleged enterprise of Count II. The enterprise in Count II consists of AdOne, Install Group Corporation, and Install Group Worldwide. Defendants primary argument is that because Install Group Worldwide is a wholly owned subsidiary of AdOne, the two corporations cannot

form an enterprise.

The Eight Circuit has answered the issue of "whether a subsidiary may be sufficiently distinct from its parent or other related subsidiaries so as to satisfy § 1962(c)'s distinctiveness requirement." Fogie v. THORN Americas, Inc., 190 F.3d 889, 898 (8th Cir. 1999). The answer the Eight Circuit gave was that "it cannot." Id. "Rather, there must be a greater showing that the parent and subsidiary are distinct than the mere fact that they are separate legal entities." Id. It is "not enough that the parent and subsidiary corporations have different roles in the alleged enterprise." Id.

However, there is an important difference between Fogie and the present case. In Fogie the enterprise consisted only of a parent corporation and its subsidiary. Id. In the present case the enterprise consists of Adone, a parent corporation; Install Group Worldwide, its subsidiary; and Install Group Corporation, another corporation.

Defendants argue that the reasoning of Fogie should still apply to Install Group Corporation. However, while AdOne is the owner of Install Group Worldwide, Neumann was the owner of Install Group Corporation. A "parent corporation" controls the subsidiary through ownership of the subsidiary's stock. U.S. v. Bestfoods, 524 U.S. 51, 61 (1998). In the present case, defendant AdOne did not own Install Group Corporation, so AdOne is not the parent corporation of Install Group Corporation. Fogie only considered "whether a subsidiary may be sufficiently distinct from its parent" to satisfy the distinctness requirement. Fogie, 190 F.3d at 898.

Because SLS alleges a member of the enterprise that is distinct from AdOne, SLS has stated a claim upon which relief can be granted. In Atlas, the Eight Circuit rejected an argument that a defendant cannot be a *part* of the alleged enterprise for the "distinctness" requirement of

5

RICO liability. Atlas, 886 F.2d at 995. The court found that the defendants were distinct from the association as a "collective entity" composed of the two defendants along with three other individuals. Id. In the present case, even if AdOne and Install Group Worldwide are found to not be distinct, an association can still be formed with AdOne and Install Group Corporation.

Defendants also argue that as a dissolved corporation, Install Group Corporation cannot have participated in an enterprise. However, in a motion to dismiss the allegations of the plaintiff are taken as true. In re Navarre Corp. Sec. Litig., 299 F.3d at 738. SLS has alleged that Install Group Corporation maintains separate bank accounts, which allowed AdOne to deposit money into the Install Group Corporations accounts, to be later transferred to Neumann. If taken as true, this allegation shows that Install Group Corporation was an active participant in the enterprise. If Defendants believe that Install Group Corporation was incapable of such actions, such an issue is more appropriate for a motion for summary judgement. Accordingly, I will not dismiss Count II.

**(2)      Remaining Counts**

Finally, Defendants request that if Counts I and II are dismissed, that the Counts III through VI be dismissed for lack of independant basis for federal jurisdiction. Since Counts I and II have not been dismissed, I will not dismiss the remaining counts.

**Conclusion**

Plaintiff's complaint survives this motion to dismiss because, assuming the facts alleged in the complaint to be true, the complaint states a cause of action.. Plaintiff, however, should review the elements of proof and the purpose of RICO. RICO was enacted as part of the Organized Crime Control Act of 1970, which sought to eradicate organized crime in the United States "by strengthening the legal tools in the evidence-gathering process, by establishing new

penal prohibitions, and by providing enhanced sanctions and new remedies to deal with the unlawful activities of those engaged in organized crime." Organized Crime Control Act of 1970, Pub. L. No. 91-452, 84 Stat. 923. If SLS International's RICO claims do not survive a motion for summary judgment, the remaining pendant state law claims may be remanded to state court.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [#22] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike [#27] is **DENIED** as moot.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 4th day of January, 2007.