### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF MISSOURI
### EASTERN DISTRICT

| | |
|---|---|
| SLS INTERNATIONAL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 406CV00811RWS |
| v. ) | |
| ) | |
| ADONE MEDIA, INC. and ) | |
| JAMES NEUMANN, ) | |
| ) | |
| Defendants. ) | |

### ANSWER OF DEFENDANTS ADONE MEDIA, INC. AND JAMES NEUMANN AND COUNTERCLAIM OF DEFENDANT ADONE MEDIA, INC.

COME NOW Defendants Adone Media, Inc. ("Adone") and James Neumann ("Neumann"), (collectively "Defendants"), by and through their undersigned counsel, and for their Answer and for Adone's Counterclaim in response to Plaintiff's Complaint, state as follows:

### Nature of the Action

1. Defendants admit that Plaintiff purports to bring its action as described. To the extent paragraph 1 purports to direct any allegations against Defendants, Defendants deny same.

2. Defendants admit that Plaintiff's Complaint purports to assert theories of liability against Defendants. To the extent paragraph 2 purports to direct any allegations against Defendants, Defendants deny same.

### Jurisdiction and Venue

3. Paragraph 3 of the Complaint consists of legal conclusions as to federal jurisdiction which Defendants specifically deny.

4. Paragraph 4 of the Complaint consists of legal conclusions as to venue which Defendants specifically deny.

5. Defendants deny the allegations of paragraph 5 of the Complaint.

### The Parties

6. Defendants admit the allegations of paragraph 6 of the Complaint.

7. Defendants admit that Adone is a Nevada corporation with its principal place of business at 618 Spirit Drive, Suite 100, Chesterfield, Missouri 63005 and that it specializes in providing outdoor media advertising to its clients. Defendants deny any remaining allegations of paragraph 7 of the Complaint.

8. Defendants deny the allegations of paragraph 8 of the Complaint.

9. Defendants admit the allegations of paragraph 9 of the Complaint.

### Factual Background-Introduction

10. Adone admits that it is a media company that specializes in providing outdoor media advertising and advertising placement to its clients, including large scale banners, city wallscapes, scrolling signs, mobile billboards, vehicle wraps and other more traditional signage. Defendants deny any remaining allegations of paragraph 10 of the Complaint.

11. Defendants deny the allegations of paragraph 11 of the Complaint.

12. Defendants deny the allegations of paragraph 12 of the Complaint.

13. Defendants deny the allegations of paragraph 13 of the Complaint.

14. Defendants admit that SLS began placing orders with Adone in January 2005 for a variety of outdoor advertising opportunities such as sports arenas, athletic uniforms, and banners. Defendants admit that, in some instances, SLS was to pay Adone for its services and Adone in turn submitted payment to the providers of the advertising. In other instances, SLS

entered directly into contractual relationships with the end venue.  Defendants deny any remaining allegations of paragraph 14 of the Complaint.

15. Defendants admit the allegations of paragraph 15 of the Complaint.

16. Defendants admit the allegations of paragraph 16 of the Complaint.

17. Defendants deny the allegations of paragraph 17 of the Complaint.

18. Defendants admit that one of SLS's advertising campaigns involved dasher board ads in ice arenas and that dasher board ads are advertisements placed along the wall that encloses the actual ice on which the game is being played.  Defendants deny any remaining allegations of paragraph 18 of the Complaint.

19. Defendants admit that the UHL is considered the second most important hockey league in the United States and Canada.  Defendants are without sufficient information to admit or deny what was of importance to SLS or what SLS saw as an opportunity.  Defendants deny any remaining allegations of paragraph 19 of the Complaint.

20. Defendants deny the allegations of paragraph 20 of the Complaint.

21. Defendants admit that Adone issued Invoice #2112-17 and that it read as described.  Defendants deny the remaining allegations of paragraph 21 of the Complaint.

22. Defendants admit that Adone provided documentation, by hand-delivery and by email, of Adone's compliance with SLS's requests for advertising placements, and that some of those placements were in hockey arenas.  Defendants deny any remaining allegations of paragraph 22 of the Complaint.

23. Defendants admit that Adone, on or about July 5, 2005, provided, by email, completion information showing an SLS banner displayed in a hockey arena in Richmond, Virginia.  Defendants deny any remaining allegations of paragraph 23 of the Complaint.

24. Defendants admit that Adone provided, by email, on or about July 18, 2005, confirmation information to SLS that an SLS banner had been placed in a hockey arena in Rockford, Illinois, and that Adone printed confirmation information, by email, on or about July 26, 2005, that the SLS banner had been placed in a hockey arena in Adirondack, New York. Defendants are without sufficient information to admit or deny whether Adone sent a facsimile, in or about June 2005, to SLS regarding an SLS banner placement at a hockey arena in Ft. Wayne, Indiana. Defendants deny any remaining allegations of paragraph 24 of the Complaint.

25. Defendants deny the allegations of paragraph 25 of the Complaint.

26. Defendants admit that, on or about February 3, 2005, Adone transmitted an invoice by mail and by email for the placement of seven dasher board ads, one of which was located at the Summit Center in St. Louis, Missouri, for a charge of $45,500.00. Defendants deny any remaining allegations of paragraph 26 of the Complaint.

27. Defendants deny the allegations of paragraph 27 of the Complaint.

28. Defendants deny the allegations of paragraph 28 of the Complaint.

29. Defendants deny the allegations of paragraph 29 of the Complaint.

30. Defendants admit that, on or about March 31, 2005, Adone transmitted by email invoice #2112-42 to SLS for the printing of 15,000 3 foot by 8 foot banners for display at youth soccer games around the country. Defendants deny the remaining allegations of paragraph 30 of the Complaint.

31. Defendants deny the allegations of paragraph 31 of the Complaint.

32. Defendants admit that, on or about November 10, 2005, Neumann transmitted by mail a copy of a letter from Peter G. Richardson of NISL regarding SLS patches and banners. Defendants deny the remaining allegations of paragraph 32 of the Complaint.

33.     Defendants deny the allegations of paragraph 33 of the Complaint.

34.     Defendants admit that, on or about February 23, 2005, Neumann sent an email to John Gott of SLS inquiring whether SLS was interested in advertising at baseball spring training camps at various locations in Florida and Arizona.  Defendants deny the remaining allegations of paragraph 34 of the Complaint.

35.     Defendants deny the allegations of paragraph 35 of the Complaint.

36.     Defendants deny the allegations of paragraph 36 of the Complaint.

37.     Defendants deny the allegations of paragraph 37 of the Complaint.

38.     Defendants admit that, on or about March 24, 2005, Adone issued by email invoice #2112-36 to SLS for the placement of a wallscape banner in South Beach, Florida. Defendants deny the remaining allegations of paragraph 38 of the Complaint.

39.     Defendants deny the allegations of paragraph 39 of the Complaint.

40.     Defendants deny the allegations of paragraph 40 of the Complaint.

41.     Defendants admit that Adone placed advertising for SLS in Arrowhead Stadium which hosts the Kansas City Wizards, a professional soccer team playing in the Major League Soccer league.  Defendants deny the remaining allegations of paragraph 41 of the Complaint.

42.     Defendants admit that, on or about May 4, 2005, Adone transmitted by email an invoice reflecting SLS advertisements placed with the Kansas City Wizards and the San Jose Earthquakes.  Defendants deny the remaining allegations of paragraph 42 of the Complaint.

43.     Defendants admit that, on or about May 4, 2005, Adone transmitted by email an invoice reflecting SLS advertisements placed with the Kansas City Wizards and the San Jose Earthquakes.  Defendants deny the remaining allegations of paragraph 43 of the Complaint.

44. Defendants admit that SLS contracted with Adone to place advertisements on city buses in St. Louis and Springfield, Missouri. Defendants deny the remaining allegations of paragraph 44 of the Complaint.

45. Defendants deny the allegations of paragraph 45 of the Complaint.

46. Defendants deny the allegations of paragraph 46 of the Complaint.

47. Defendants deny the allegations of paragraph 47 of the Complaint.

48. Defendants deny the allegations of paragraph 48 of the Complaint.

49. Defendants deny the allegations of paragraph 49 of the Complaint.

50. Defendants deny the allegations of paragraph 50 of the Complaint.

51. Defendants deny the allegations of paragraph 51 of the Complaint.

52. Defendants deny the allegations of paragraph 52 of the Complaint.

53. Defendants deny the allegations of paragraph 53 of the Complaint.

### Count I—Violations of RICO §1962(c)
### (Against Defendant Adone)

54. Defendant Adone hereby incorporates its responses in paragraphs 1 through 53 above in response to paragraph 54 of the Complaint.

55. Defendant Adone denies the allegations of paragraph 55 of the Complaint.

56. Defendant Adone denies the allegations of paragraph 56 of the Complaint.

57. Defendant Adone denies the allegations of paragraph 57 of the Complaint.

58. Defendant Adone denies the allegations of paragraph 58 of the Complaint.

59. Defendant Adone denies the allegations of paragraph 59 of the Complaint.

60. Defendant Adone denies the allegations of paragraph 60 of the Complaint.

61. Defendant Adone denies the allegations of paragraph 61 of the Complaint.

62. Defendant Adone denies the allegations of paragraph 62 of the Complaint.

## Count II—Violations of RICO §1962(c)
### (Against Defendant Adone)

63. Defendant Adone hereby incorporates its responses in paragraphs 1 through 53 above in response to paragraph 63 of the Complaint.

64. Defendant Adone denies the allegations of paragraph 64 of the Complaint.

65. Defendant Adone denies the allegations of paragraph 65 of the Complaint.

66. Defendant Adone denies the allegations of paragraph 66 of the Complaint.

67. Defendant Adone denies the allegations of paragraph 67 of the Complaint.

68. Defendant Adone denies the allegations of paragraph 68 of the Complaint.

69. Defendant Adone denies the allegations of paragraph 69 of the Complaint.

70. Defendant Adone denies the allegations of paragraph 70 of the Complaint.

71. Defendant Adone denies the allegations of paragraph 71 of the Complaint.

72. Defendant Adone denies the allegations of paragraph 72 of the Complaint.

## Count III—Breach of Contract
### (Against Defendants Neumann and Adone)

73. Defendants hereby incorporate their responses in paragraphs 1 through 53 above in response to paragraph 73 of the Complaint.

74. The allegations of paragraph 74 set forth legal conclusions to which no response is required. To the extent the allegations of paragraph 74 set forth other than legal conclusions, Defendants deny same.

75. Defendants deny the allegations of paragraph 75 of the Complaint.

76. Defendants deny the allegations of paragraph 76 of the Complaint.

77. Defendants deny the allegations of paragraph 77 of the Complaint.

78. Defendants deny the allegations of paragraph 78 of the Complaint.

### Count V—Conversion
### (Against Defendants Neumann and Adone)

79. Defendants hereby incorporate their responses in paragraphs 1 through 53 above in response to paragraph 79 of the Complaint.

80. Defendants deny the allegations of paragraph 80 of the Complaint.

81. Defendants deny the allegations of paragraph 81 of the Complaint.

82. Defendants deny the allegations of paragraph 82 of the Complaint.

83. Defendants deny the allegations of paragraph 83 of the Complaint.

84. Defendants deny the allegations of paragraph 84 of the Complaint.

### Count V—Common Law Fraud
### (Against Defendants Neumann and Adone)

85. Defendants hereby incorporate their responses in paragraphs 1 through 53 above in response to paragraph 85 of the Complaint.

86. Defendants deny the allegations of paragraph 86 of the Complaint.

87. Defendants deny the allegations of paragraph 87 of the Complaint.

88. Defendants deny the allegations of paragraph 88 of the Complaint.

89. Defendants deny the allegations of paragraph 89 of the Complaint.

90. Defendants deny the allegations of paragraph 90 of the Complaint.

91. Defendants deny the allegations of paragraph 91 of the Complaint.

92. Defendants deny the allegations of paragraph 92 of the Complaint.

93. Defendants deny the allegations of paragraph 93 of the Complaint.

## Count VI—Unjust Enrichment
## (Against Defendants Neumann and Adone)

94. Defendants hereby incorporate their responses in paragraphs 1 through 53 above in response to paragraph 94 of the Complaint.

95. Defendants deny the allegations of paragraph 95 of the Complaint.

96. Defendants deny the allegations of paragraph 96 of the Complaint.

97. Defendants deny the allegations of paragraph 97 of the Complaint.

## Affirmative Defenses

1. The Complaint fails to state a claim upon which relief may be granted.

2. The Court lacks subject matter jurisdiction over Plaintiff's claims.

3. Venue over these matters is improperly before this Court.

4. Plaintiff's claims are barred, in whole or in part, by accord and satisfaction.

5. Plaintiff's claims are barred, in whole or in part, by failure of consideration.

6. Plaintiff's claims are barred, in whole or in part, by set-off.

**WHEREFORE**, Defendants ask that the Complaint herein be dismissed, that Defendants be awarded their costs and other fees, and for such further relief as this Court deems just and proper.

## COUNTERCLAIM OF DEFENDANT/COUNTERCLAIM PLAINTIFF ADONE MEDIA, INC.

COMES NOW Defendant/Counterclaim Plaintiff Adone Media, Inc. ("Adone"), by and through its undersigned counsel, and for its Counterclaim against SLS International, Inc., states as follows:

**Jurisdiction**

1. This Court has jurisdiction over the subject matter of this Counterclaim under Title 28 U.S.C §1367 in that it arises under the same transaction or occurrence as gave rise to the instant Complaint.

**Factual Background**

2. Adone is a media company that specializes in providing outdoor media advertising and advertising placement to its clients, including large scale banners, city wallscapes, scrolling signs, mobile billboards, vehicle wraps and other more traditional signage.

3. Since approximately January 2005, Adone has provided such services to SLS International, Inc., a company in the business of designing, manufacturing, and installing loudspeaker systems.

**COUNT I—Breach of Contract**
**(Bus Wraps)**

4. Adone repeats and realleges each allegation contained in paragraphs 1 through 3 of its Counterclaim above, as if fully set forth herein.

5. In or about July 2005, SLS requested and Adone agreed to arrange for advertising to be carried on the side of approximately twenty city buses ("wrapped buses") in various markets beginning on or about August 1, 2005.

6. After the agreement was entered into, and in preparation for the wrapped buses advertising campaign, Adone ordered graphic materials, paid graphic design fees and production costs, and hired drivers and installers in preparation for installing the graphic material on the buses.

7. SLS breached its agreement with Adone regarding the wrapped city buses in that, after it had entered into the agreement, SLS informed Adone that it no longer wished to proceed with the ad campaign.

8. Because of SLS's breach of its agreement, Adone has been damaged in that it has lost the profits it would have earned on the contract for the wrapped city buses advertising campaign.

**WHEREFORE**, Adone requests that this Court enter judgment in its favor in an amount to be determined on its Counterclaim for breach of contract, for an award of its costs and attorneys' fees, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

**DOSTER, MICKES, JAMES,
ULLOM, BENSON & GUEST, L.L.C.**

By: /s/ Eleanor A. Maynard
Michael H. James, # 3478
Ira M. Potter, # 6711
Eleanor A. Maynard, # 3780
17107 Chesterfield Airport Road
Suite 300
Chesterfield, Missouri 63005
(636) 532-0042 - Telephone
(636) 532-1082 - Facsimile
mjames@dostermickes.com
ipotter@dostermickes.com
emaynard@dostermickes.com

ATTORNEY FOR DEFENDANTS/
COUNTERCLAIM PLAINTIFFS ADONE
MEDIA, INC. AND DEFENDANT JAMES
NEUMANN

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing document was sent via electronic delivery and U.S. First Class mail postage pre-paid on this _____ day of January, 2007 to:

Neal H. Levin, Esq.
Daniel S. Dooley, Esq.
FREEBORN & PETERS LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
(312) 360-6000
(312) 360-6573 *facsimile*
nhlevin@freebornpeters.com
ddooley@freebornpeters.com
CO-COUNSEL FOR PLAINTIFF
SLS INTERNATIONAL, INC.

Glennon P. Fogarty
Michael P. Nolan
HUSCH & EPPENBERGER, LLC
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
(314) 480-1500
(314) 480-1505 *facsimile*
glennon.fogarty@husch.com
Michael.nolan@husch.com
CO-COUNSEL FOR PLAINTIFF
SLS INTERNATIONAL, INC.

/s/ Eleanor A. Maynard